```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                       FORT SMITH DIVISION
```

RICHARD L. COX, United States
Bankruptcy Trustee                                PLAINTIFF/APPELLEE

v.                         CASE NO. 06-CV-2015

BARBARA GRIFFIN                                   DEFENDANT/APPELLANT

## MEMORANDUM OPINION AND ORDER

Appellant Barbara Griffin filed a *pro se* appeal of a decision of the Bankruptcy Court for the Western District of Arkansas, which denied what she stated as a Motion for Rescission of Partial Consent Judgment Signed Under Duress in favor of Appellee Richard Cox. Currently before the Court are Appellant's opening brief (Doc. 7), Appellee's brief (Doc. 8), and Appellant's reply brief (Doc. 9). For reasons reflected herein, the decision of the bankruptcy court is affirmed.

**Background**

In January 2004, Richard Cox ("Cox"), Chapter 7 Trustee for Stephen Griffin, Barbara Griffin's husband, filed an adversary proceeding against Barbara Griffin. The twenty-four count complaint included allegations regarding the transfer of an emerald ring and the purchase of a car. On July 23, 2005, Barbara Griffin ("Griffin") entered into a partial consent judgment requiring her to turnover the emerald ring and the car. On September 23, 2005, Griffin filed what she stated as a Motion for Rescission of Partial Consent Judgment Signed Under Duress. At the bankruptcy hearing,

```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                       FORT SMITH DIVISION
```

RICHARD L. COX, United States
Bankruptcy Trustee                                PLAINTIFF/APPELLEE

v.                         CASE NO. 06-CV-2015

BARBARA GRIFFIN                                   DEFENDANT/APPELLANT

## MEMORANDUM OPINION AND ORDER

Appellant Barbara Griffin filed a *pro se* appeal of a decision of the Bankruptcy Court for the Western District of Arkansas, which denied what she stated as a Motion for Rescission of Partial Consent Judgment Signed Under Duress in favor of Appellee Richard Cox. Currently before the Court are Appellant's opening brief (Doc. 7), Appellee's brief (Doc. 8), and Appellant's reply brief (Doc. 9). For reasons reflected herein, the decision of the bankruptcy court is affirmed.

**Background**

In January 2004, Richard Cox ("Cox"), Chapter 7 Trustee for Stephen Griffin, Barbara Griffin's husband, filed an adversary proceeding against Barbara Griffin. The twenty-four count complaint included allegations regarding the transfer of an emerald ring and the purchase of a car. On July 23, 2005, Barbara Griffin ("Griffin") entered into a partial consent judgment requiring her to turnover the emerald ring and the car. On September 23, 2005, Griffin filed what she stated as a Motion for Rescission of Partial Consent Judgment Signed Under Duress. At the bankruptcy hearing,

on November 16, 2005, Griffin introduced several written communications with Cox that discussed the partial consent judgment. In a letter dated July 22, 2005, Griffin twice stated that she "will agree to surrender the ring and the car". (Doc. 8-3 Ex. C.) In another letter dated August 8, 2005, Griffin wrote "the car and ring are both ready". (Doc. 8-3 Ex. E.) At the conclusion of the hearing the bankruptcy judge stated: "There's no evidence that you signed this under any duress from the Trustee. I'll agree that you were probably under stress because of all the circumstances, but it's a stress that – of your own making." (Doc. 8 p. 9.) The bankruptcy court denied Griffin's motion and entered an order on November 22, 2005, directing her to turn over the emerald ring and the car. Griffin filed this *pro se* appeal on December 2, 2005.

Appellant raises six points on appeal: (1) the bankruptcy court's factual conclusion that the partial consent judgment was not signed by the defendant under duress was not supported by the evidence; (2) the bankruptcy court erred when denying Appellant's motion by deciding there was no evidence of fraud when Appellant alleged duress and not fraud; (3) the bankruptcy court erred when deciding in favor of the bankruptcy trustee, while finding no legal nor factual basis in the trustee's response sufficient to invalidate the appellant's motion; (4) the bankruptcy court's threat of finding appellant in criminal contempt was not based on

facts and law; (5) the bankruptcy court abused its discretion by advising and encouraging the bankruptcy trustee to file sanctions against appellant; (6) the bankruptcy court erred as a matter of law by ordering turnover of property in violation of Arkansas state law.

**Standard of Review**

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. *See* Fed. R. Bankr. P. 8013. Conclusions of law are reviewed de novo, while factual findings will not be set aside unless "clearly erroneous." *Id.*; *In re Muncrief*, 900 F.2d 1220, 1224 (8th Cir. 1990). "A finding is 'clearly erroneous' when, although there is evidence to support it, the court reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re U.S.A. Inns of Eureka Springs, Arkansas, Inc.*, 151 B.R. 492, 494 (Bankr. W.E. 1993), *aff'd* 9 F.3d 680 (8th Cir. 1993). Rule 8013 requires the appellate court to give due regard "to the opportunity of the bankruptcy court to judge the credibility of the witnesses."

**Discussion**

Griffin contends that the Bankruptcy Court's finding that she did not sign the partial consent judgment under duress was not supported by the evidence. Specifically, Griffin contends she was advised that if a trial were held on the adversary complaint, she

would put her debtor-husband "at stake".  Griffin also contends that Cox used other attorneys to relay the partial consent judgment to her, proceeded to conduct discovery although the court had not entered a discovery schedule, and failed to provide a list of witnesses and exhibits for use at trial.  Griffin further contends Cox breached the partial consent judgment when he did not take the emerald ring and car at the time designated in the judgment. Griffin argues these actions caused her duress and are grounds for rescission.

Contract rules apply to interpretation of consent judgments. *See United States v. Knote*, 29 F.3d 1297, 1299 (8th Cir. 1994).  A contract induced by fraud, deceptive promises, or duress may be voidable at the instance of the injured party.  *See Duncan v. Hensley*, 248 Ark. 1083, 455 S.W.2d 113 (1970).  The party asserting duress must show that the duress resulted from the other party's wrongful and oppressive conduct, and not by her own necessity. *Harper v. Garner*, 328 Ark. 516, 944 S.W.2d 540 (1997).  In addition, she must show that the wrongful conduct deprived her of her own free will and volition.  *Id*.  The *Restatement* also provides guidance as to the concept of duress.  It provides, "If a party's manifestation of assent is induced by an improper threat by the other party that leaves the victim no reasonable alternative, the contract is voidable by the victim."  *The Restatement (Second) of Contracts* (1981) § 175(1).  Duress must be proven by clear, cogent

and convincing testimony. *See Duncan v. Hensley*, 248 Ark. 1083, 455 S.W.2d 113 (1970).

Griffin contends she was advised by another attorney that if she went to trial on the adversary complaint, she would put her debtor-husband "at stake" in a criminal proceeding. Griffin contends this originally came from Cox. Cox contends Griffin presented no facts that would suggest duress either at the hearing or in her brief. Cox further states he committed no wrongful act.

We find no evidence of duress. Duress consisting of threats exciting a fear of such grievous wrong as death, great bodily injury or unlawful imprisonment, would probably justify a cancellation of a contract if the party, acting under such threats, moved to cancel it promptly. *Sims v. First Nat. Bank, Harrison*, 590 S.W.2d 270 (Ark. 1979). Griffin provides nothing to indicate the meaning of "at stake". Therefore, we cannot say that the bankruptcy judge's finding concerning this statement was clearly erroneous. This statement is not directly attributed to Cox and we find no wrongful conduct on his part.

We also find no evidence of duress in Griffin's contention that Cox used other attorneys to relay the partial consent judgment. Griffin admits she asked another law firm to serve as a mediator. (Doc. 7 p. 16.) She was contacted by an attorney from that firm about the partial consent judgment offer. We fail to see how communication with a firm that Griffin asked to mediate can be

construed as causing her duress. We do not see how it can be viewed as misconduct on the part of Cox.

We also note that Griffin admitted she advised Cox of her intention to discuss the partial consent judgment with another attorney. (Doc. 7 p. 15.) Griffin also stated in a letter to Cox that she "agree[d] to surrender the ring and the car". She later wrote Cox that "the car and ring are both ready". Griffin appears ready, willing, and able to turnover the emerald ring and car both before and after consenting to the partial judgment. We conclude this demonstrates Griffin was exercising her own free will and volition.

Griffin contends she entered into the partial consent judgment because of Cox's actions in proceeding with discovery and failing to provide witness and exhibit lists. We find no merit in these contentions. Accordingly, the bankruptcy court's finding that there was no evidence of duress was not clearly erroneous.

On her second point, Griffin argues that the bankruptcy court denied her motion based on no evidence of fraud rather than no evidence of duress. Cox contends the bankruptcy court did not rely upon a fraud standard in the disposition of Griffin's motion and we agree. As stated by the bankruptcy judge, "There's no evidence you signed this under any duress from the Trustee."

On her third point, Griffin contends there was neither a legal nor a factual basis for denying her motion. Cox contends the

burden was on Griffin to show she was under duress and the Court agrees. Griffin was required to prove duress by clear, cogent and convincing testimony, *See Duncan*, 248 Ark. at 1087, and she failed to do this.

On Griffin's fourth and fifth points, she appeals the suggested threat of criminal contempt and sanctions. Cox contends Griffin was not found in contempt nor were sanctions filed against her so these matters are not subject to review. We agree for a bankruptcy court decision must be final in order to appeal to the district court unless district court grants leave to pursue interlocutory appeal. *See* 28 U.S.C. § 158(a). Threats or suggestions of criminal contempt and sanctions are not final orders subject to appeal.

On Griffin's final point, she contends the turnover order of the emerald ring violates Arkansas state law, specifically A.C.A. § 9-11-505 which allows, among other things, for real and personal property gifted to a married person held or owned at the time of marriage to remain separate property and not be liable for the spouse's debts. Griffin contends the emerald ring was a gift. Cox contends it was the source of the funds used to provide the emerald ring and the car that were contested questions of fact which Griffin chose not to contest when she signed the partial consent judgment. The bankruptcy court's turnover order was an enforcement of the partial consent judgment. It has long been the

rule that a party consenting to a judgment is conclusively presumed to have waived all errors, except those going to the jurisdiction of the court. *Lawson v. Madar*, 76 Ark.App. 23, 60 S.W.3d 497 (2001). Consent, it is said, excuses error and ends all contention between the parties. *Vaughan v. Brown*, 184 Ark. 185, 40 S.W.2d 996 (9131); *McIlroy Bank & Trust v. Acro Corp.,* 30 Ark.App. 189, 785 S.W.2d 47 (1990) (overruled in part, on other grounds, in *Carden v. McDonald*, 69 Ark.App. 257, 12 S.W.3d 643 (2000)). Griffin waived her state law argument. She cannot consent to the judgment and then contend on appeal that the bankruptcy court erred in enforcing it.

**Conclusion**

The decision of the bankruptcy court to deny Appellant's Motion for Rescission of Partial Consent Judgment Signed Under Duress is AFFIRMED and the appeal is DISMISSED. All parties are to bear their own costs and fees.

IT IS SO ORDERED this 14th day of April, 2006.

/s/Robert T. Dawson
Hon. Robert T. Dawson
United States District Judge